**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:
ANDERSON, Mark G.
SS# xxx xx 6782                                    Chapter 13
ANDERSON, Sharon E.                                Case # 09-18779-FJB
SS# xxx xx 1428
                    Debtor(s)

**ORDER CONFIRMING CHAPTER 13 PLAN**

    The Debtor(s) filed an Amended Chapter 13 Plan (the "Plan") on <u>April 21, 2010</u>. The Debtor(s) filed a Certificate of Service on <u>April 21, 2010</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1.     The Plan is confirmed.  The term of the Plan is <u>60</u> months.

2.     The Debtor(s) shall pay to the Chapter 13 Trustee the sum of <u>$300.00</u> per month commencing <u>October 1, 2009</u> which payments shall continue through the completion of the Plan and shall be made on the <u>1st </u>day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: <u>Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.</u>

3.     The effective date of confirmation of the Plan is <u>October 1, 2009.</u>  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan.  Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court.  The debtor shall be responsible for preserving and protecting property of the estate.

    *per modification of plan filed herewith.

Dated: _____                          _____ 7/27/2010
                                                           United States Bankruptcy Judge

gr

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** <br> **ANDERSON, Mark G.** <br> **SS# xxx xx 6782** <br> **ANDERSON, Sharon E.** <br> **SS# xxx xx 1428** <br> Debtor(s) | **Chapter 13** <br> **Case # 09-18779-FJB** |

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

    **1.   Modified Secured Claims**

The Debtor is modifying the secured claim of Sovereign Bank with respect to the second mortgage on the real estate located at 12 Liberty Street, Beverly, MA follows: Sovereign Bank's claim in the sum of $43,654.00 will be wholly unsecured and treated with the other unsecured creditors under section V. below. Uupon completion of the Debtors' plan, Sovereign Bank's lien shall be fully discharged.

    **2.   Unmodified Secured Claims**

a) GMAC Mortgage is retaining its lien on 12 Liberty Street, Beverly MA with respect to the first mortgage. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with GMAC Mortgage.

    **3.   Administrative Claims**

Richard Canzano, Esq. will be paid $800.00 over 12 months.

    **4.   Priority Claims**

NONE

    **5.   Unsecured Claims**

The holders of unsecured claims totaling $147,212.44 shall receive a dividend of no less than 10.4610*%
This amount includes Sovereign Bank's unsecured claim in the amount of $43,654.00

*see modification of plan filed herewith

    **6.   Other Pertinent Provisions**

  The Debtor intends to assume the lease of Chase Auto Finance.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

    ANDERSON, Mark G.
    SS# xxx xx 6782                                           Chapter 13
    ANDERSON, Sharon E.                       Case # 09-18779-FJB
    SS# xxx xx 1428
                              Debtor(s)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the debtor, debtor's counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: June 17, 2010                                                                             Respectfully submitted,

                                                                                      By: **/s/ Carolyn Bankowski**
                                                                                         Carolyn Bankowski, BBO# 631056
                                                                                        Patricia A. Remer, BBO #639594

                                                                                        Office of the Chapter 13 Trustee
                                                                                        P.O. Box 8250
                                                                                        Boston, MA 02114-0033
                                                                                        617-723-1313

**SERVICE LIST**

Mark & Sharon Anderson                               Recovery Management Systems Corporation
12 Liberty Street                                                    25 S.E. 2nd Avenue, Suite 1120
Beverley, MA 01915                                           Miami, FL 33131

Richard M. Canzano
36 Commerce Way
Woburn, MA 01801

Gale Erb
MDOR/CSE
P.O. Box 9561
Boston, MA 02114

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

SECOND AMENDED CHAPTER 13 PLAN ( 4/19/2010) COVER SHEET

| Filing Date: | 9/15/09 | Docket #: | 09-18779 |
|---|---|---|---|
| Debtor: | Mark G. Anderson | Co-Debtor: | Sharon E. Anderson |
| SS#: | xxx-xx-6782 | SS#: | xxx-xx-1428 |
| Address: | 12 Liberty Street Beverly, MA 01915 | Address: | 12 Liberty Street Beverly, MA 01915 |

| Debtor's Counsel: | Richard M. Canzano 072500 |
|---|---|
| Address: | 36 Commerce Way Woburn, MA 01801 |
| Telephone #: | 781 935 3500 |
| Facsimile #: | 781 935 7887 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
## PRE-CONFIRMATION CHAPTER 13 PLAN

### SECOND AMENDED ( 04/19/2010 )CHAPTER 13 PLAN

Docket No.: __09-18779__

DEBTORS:   (H)  __Mark G. Anderson__                    SS#  __xxx-xx-6782__

           (W)  __Sharon E. Anderson__                  SS#  __xxx-xx-1428__

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ __300.00__ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
_____

☐ ____ Months. The Debtor states as reasons therefore:
_____

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Sovereign Bank | Second Mortgage | $ 0.00 |

Total of secured claims to be paid through the Plan  $ __0.00__

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| GMAC Mortgage | First Mortgage |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Sovereign Bank | This is a test message. | 0.00 |

D. Leases:

   i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       __-NONE-__

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **Chase Auto Finance**

iii. The arrears under the lease to be paid under the plan are __0.00__.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

Total of Priority Claims to Be Paid Through the Plan  $ __0.00__

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):   $ __800.00__   B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __7__ % of their claims.

A. General unsecured claims:     $ __103,558.44__

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com     Best Case Bankruptcy

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Sovereign Bank | **Second Mortgage** The Debtors' residence at 12 Liberty Street, Beverly, Ma has a fair market value of $310,000. The 1st mortgage held by GMAC has a current loan balance of $339,000. The Second mortgage held by Sovereign Bank has a loan balance of $43,654.00. There is no equity in the residence to which Sovereign can attach its second mortgage. The Plan shall treat Sovereign's debt as unsecured pursuant to 11 U.S.C. s. 1322. Upon the completion of the Plan by the Debtors, Sovereign's second mortgage lien shall be fully discharged. | $ 43,654.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):    $ 147,212.44

D. Multiply total by percentage: $ **9,700.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ___%    $ 0.00

VI. OTHER PROVISIONS

   A. Liquidation of assets to be used to fund plan:

   B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | 0.00 |
| b) Priority claims (Section III-A&B Total): | $ | 0.00 |
| c) Administrative claims (Section IV-A&B Total): | $ | 800.00 |
| d) Regular unsecured claims (Section V-D Total): | $ | 9,700.00 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 16,200.00 |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 12,300.00 |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                              60 months
i. Round up to nearest dollar for Monthly Plan Payment:      $          300.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 12 Liberty Street, Beverly. Single family Home 2200 sq feet 4 Bedroom, 2bath | $ 310,000.00 | $ 383,511.00 |
| Mariners Point Motel & Condominium Timeshare Unit 18, Interval 32 | $ 3,000.00 | $ 0.00 |

Total Net Equity for Real Property:   $   3,000.00
Less Exemptions (Schedule C):         $       0.00
Available Chapter 7:                  $   3,000.00

B. Automobile (Describe year, make and model):

-NONE-            Value $ _____    Lien $ _____    Exemption $ _____

Total Net Equity:                      $ 0.00
Less Total Exemptions (Schedule C):    $ 0.00
Available Chapter 7:                   $ 0.00

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

- Citizens Bank
- Sovereign Bank
- Various items of used furniture for a 3 bedroom house
- Various items of used wearing apparel
- Fidelity Investment Rollover IRA
- Fidelity TNSMC 401(a) and TNMC 403(b) plan
- Braintree Cooperative Bank IRA
- Various Series E bonds
- Series EE Bond (Mark)
- Series EE Savings Bonds held jointly with
- Serie EE Saving Bond
- Savings Bond Series EE held jointly with MArk Anderson II ($500 and $50)
- 2 US Savings Bond Series EE held jointly with John Paul Anderson

Total Net Value:                $ 52,538.65
Less Total Exemptions (Schedule C):  $ 51,738.65
Available Chapter 7:            $ 800.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ 3,800.00

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Richard M. Canzano
Richard M. Canzano 072500                              ~~March 2, 2010~~ April 19, 2010
Debtor's Attorney                                                       Date
Attorney's Address:  36 Commerce Way
                     Woburn, MA 01801
         Tel. #:     781 935 3500 Fax: 781 935 7887
         Email Address: rmcanzano@aol.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date  ~~March 2, 2010~~ April 19, 2010    Signature  /s/ Mark G. Anderson
                                                     Mark G. Anderson
                                                     Debtor

Date  ~~March 2, 2010~~ April 19, 2010    Signature  /s/ Sharon E. Anderson
                                                     Sharon E. Anderson
                                                     Joint Debtor